THE VILLAGE OF LONG GROVE, Plaintiff-Appellant, *v.* LONG GROVE COUNTRY CLUB ESTATES, INC., Defendant-Appellee.

Second District   No. 76-266

Opinion filed December 19, 1977.

Murray R. Conzelman, of Conzelman, Schultz & Snarski, and Michael J. Cummins, both of Waukegan, for appellant.

Robert J. Anderson, of Palatine, for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from the trial court's order dismissing the complaint on the ground that the plaintiff's suit was not commenced within the time provided by section 11—15.1—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—15.1—5).

This case is a continuation of the controversy involved in the appeal which we considered in *Long Grove Country Club Estates, Inc. v. Anderson* (1977), 47 Ill. App. 3d 449. The appellee has filed a motion to dismiss the appeal, based on our decision in that case, contending that the issues in that appeal were decided in the previous case. The motion was taken for consideration with the case.

In order to understand the basis for the motion to dismiss the appeal, it will perhaps be helpful to review briefly the immediate history of this litigation, with reference to the opinion in 47 Ill. App. 3d 449, for further clarification as to the origins of the litigation. (That case reviewed trial court cases Nos. 73-MR-14 and 74-CH-407.)

Robert Anderson, developer, filed a declaratory judgment action against the original owner, Roy Anderson, and the Village of Long Grove in which suit, Robert Anderson, the developer, asked for a declaration (a) that the annexation agreement between the owner, the developer and the village, entered into in October 1962 was void and of no effect and (b) that the court declare the rights and obligations of the parties to the annexation agreement with respect to the improvement of a road known as Schaeffer Road and that the village be compelled to institute special assessment proceedings to pay for such improvements. The owner, Roy Anderson, filed a countercomplaint for specific performance of the developer's alleged obligation under the annexation agreement in which, by amendment, he also sought to make the village a party. The trial court dismissed the owner's countercomplaint.

Roy Anderson, the original owner, on November 1, 1974, filed a separate suit against the village asking enforcement of the annexation agreement of October 1962 as to the improvement of Schaeffer Road by the developer and the village. On November 21, 1974, the village filed a "third party complaint" against the developer seeking a declaration as to

the obligation to improve Schaeffer Road under the annexation agreement, as between the owner and the developer. It will be noted that in that suit the village (counterplaintiff) was in effect the plaintiff, and the developer, the defendant, as is true in the case now being considered. After a hearing, the trial court dismissed the complaint by the owner against the village and the third-party complaint by the village against the developer.

The owner, Roy Anderson, appealed both cases—that is, case No. 73-MR-14, the original case brought by the developer in which the owner's countercomplaint was dismissed, and case No. 74-CH-407, the case in which the owner, Roy Anderson, filed suit against the village, seeking enforcement by the village of the obligation under the annexation agreement to improve Schaeffer Road.

This court, on appeal, reversed case No. 73-MR-14, holding that the agreement designated "annexation agreement" was in addition to being an annexation agreement, a separate agreement between the owner and the developer which constituted a covenant running with the land. Therefore, as between the owner and the developer, the latter had an obligation to the owner to improve Schaeffer Road. However, as to case No. 74-CH-407, the suit in which the village sued the developer in a third party complaint, seeking a declaration as to the obligation of the developer to improve Schaeffer Road, this court held that since the annexation agreement had been entered into in October of 1962, and the third-party complaint by the village had been initiated in November 1974, and the suit was based on the annexation agreement, it was barred by the lapse of time, citing section 11—15.1—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 11—15.1—5), which reads as follows:

> "Any annexation agreement executed prior to the effective date of this Amendatory Act of 1973 which was executed pursuant to a two-thirds vote of the corporate authorities and which contains provisions not inconsistent with Section 11—15.1—2 hereof is hereby declared valid and enforceable as to such provisions for the effective period of such agreement, or for 10 years from the date of execution thereof, whichever is shorter."

This court in its opinion on the third-party action by the village recognized that that action was based on the annexation agreement and in the course of the opinion holding that the action could not be maintained said:

> "* * * Regardless of which period is applied to it, the complaint in No. 74-CH-407, which was not filed until November 1, 1974, indicated on its face that it was barred by the provisions of section 11—15.1—5. Therefore, the trial court's action in dismissing the complaint was proper upon this basis, and we need not consider

the other alleged grounds for dismissal." 47 Ill. App. 3d 449, 460.

The present suit was brought by the Village of Long Grove in January 1976, before the above cited case had been decided on appeal. The Village of Long Grove in the present suit brought directly against the defendant herein (being the incorporated development owned by Robert Anderson), seeks to enforce the obligation to improve Schaeffer Road, which Anderson assumed under the 1962 annexation agreement. The defendant moved to dismiss the complaint on the ground it was not timely brought, since it was not instituted within the 10-year period of limitations for enforcing an annexation agreement as provided by the statute herein referred to. The trial court agreed with this contention and dismissed the complaint, holding, as did this court in the previous appeal, that the obligation, if any, was derived from the annexation agreement and the action to enforce it was not timely brought under the language of section 11—15.1—5 cited above.

In this appeal the plaintiff attempts to argue that the breach of the "agreement" did not occur until the annexation agreement of October 1962 had expired, which by the language in force at that time would have been October 1967 (originally, the period of time for enforcing an annexation agreement was 5 years—it having been later amended to 10 years, the present period of time). After making this argument based on the annexation agreement, the plaintiff then shifts its basis and asserts that the agreement to improve the road is not governed by the limitation of the time under the annexation agreement act, but is governed by the statute of limitations for ordinary written contracts. Hence, it argues, since the breach did not occur until the termination of the annexation agreement in October 1967, and the statute of limitations on written contracts did not begin to run until the agreement was breached, the plaintiff village has until October 1977 to bring its action on the agreement.

We are not impressed with this argument. The only basis for the village's action against the defendant is the annexation agreement of October 1962. The suit was based on that agreement and was instituted before the appeal in the previous case, raising the identical issues between the same parties, had been ruled upon. The complaint refers to and quotes the annexation agreement and as between the village and the defendant, it was the only agreement there was in connection with the improvement of Schaeffer Road.

■■■ Whether we were to uphold the trial court on the basis of the opinion holding the annexation agreement is not enforceable, by reason of lapse of time, or under the doctrine of *res judicata*, based on the previous decision of this court involving the same parties and the same issues, makes no difference. In either case, since we agree with the trial

court and affirm our previous decision which was based on the same issues, we must hold to the same opinion as was expressed by this court previously in *Long Grove Country Club Estates, Inc. v. Anderson* (1977), 47 Ill. App. 3d 449.

■■ The plaintiff also asserts that the village is protected under this court's previous ruling that as between Anderson, the developer, and Anderson, the owner, the annexation agreement was a covenant running with the land, since the road in question is adjacent to the lots covered by that agreement and therefore the road is also protected by the covenant. This is a quite unpersuasive argument. The extent to which the agreement was more than an annexation agreement concerned only the owner of the lots therein described and the contract buyer thereof and only those lots referred to. The road in question was a dedicated public road long before the agreement was created and is certainly not land covered by the covenant—it is, in fact, only a matter referred to in the covenant. A covenant running with the land protects subsequent owners of the land described in the agreement—not a public road which was in existence long before the agreement. This, we think, is a specious argument.

We are in accord with the trial court's decision and accordingly the appeal herein is dismissed.

Appeal dismissed.

BOYLE and WOODWARD, JJ., concur.